UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN S. JOHNSON and TERRY C. JOHNSON, )<br>)<br>*Plaintiffs*, )<br>)<br>*vs.* )<br>)<br>DON ROYALTY, ET.AL., )<br>)<br>*Defendants.* ) | No. 1:21-cv-02654-JMS-TAB |

## **ORDER**

Plaintiffs Brian Johnson and Terry Johnson initiated this action against the United States of America, the State of Indiana, the Indiana Department of Revenue, and various individuals and business entities. [Filing No. 1-2.] Subsequently, the United States removed this matter to this Court pursuant to 28 U.S.C. § 1444. The Court notes that the Eleventh Amendment prevents federal courts from exercising jurisdiction over state defendants unless the state consents to jurisdiction or jurisdiction is authorized under federal law. U.S. Const. amend. XI; *Ross v. Illinois,* 48 F. App'x 200, 202 (7th Cir. 2002); *MCI Telecommunications Corp. v. Illinois Bell Tel. Co.,* 222 F.3d 323, 337 (7th Cir. 2000); *Hans v. Louisiana,* 134 U.S. 1 (1890). Consequently, the Court questions whether it has subject-matter jurisdiction over the claims asserted against the State of Indiana and the Indiana Department of Revenue. *See Mueller v. Thompson,* 133 F.3d 1063, 1064 (7th Cir.1998*)* ("No magic words are required, but implicit waivers won't do; the court must be highly confident that the state really did intend to allow itself to be sued in federal court." (citations omitted)); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996) (Holding that a general authorization for suit in federal court is not the kind of "unequivocal statutory language" that is sufficient to abrogate state's sovereign immunity under Eleventh Amendment.); *Pennhurst State Sch. & Hosp.*

*v. Halderman,* 465 U.S. 89, 119 (1984) ("The Eleventh Amendment is an explicit limitation on the judicial power of the United States.").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Accordingly, in order for the Court to determine whether it has jurisdiction over this matter, the parties are **ORDERED** to file a Joint Jurisdictional Statement by **November 12, 2021**, specifically addressing whether the Court has subject-matter jurisdiction over the claims against the State of Indiana and the Indiana Department of Revenue. If agreement cannot be reached on the contents of a Joint Jurisdictional Statement, competing statements must be filed by that date.

Date: 10/21/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**